FILED

01 FEB -5 AM 9: 52

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| REIFENENTSFORGUMSGESELLSC-HAFT MBH, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-00-N-2977-S |
| OXY TIRE, INC., | ] |
| Defendant(s). | ] |

ENTERED
FEB 0 5 2001

**Memorandum of Opinion**

## I. Introduction

The plaintiff, Reifenentsforgumsgesellschaft MbH ("REG mbH"), brings this action against defendant, Oxy Tire, Inc. ("Oxy Tire") for breach of contract. The action is presently before the court on Oxy Tire's Motion for Summary Judgment, filed on November 15, 2000. (Doc. No. 6). The issues have been fully briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be **DENIED**.

## II. Statement of Facts[1]

The facts, as garnered from the submissions of the parties but viewed in the light most favorable to the non-movant, are as follows: RCH mbH is a German corporation with its principal place of business in Hanover, Germany. Oxy Tire is an Alabama corporation with its principle place of business in Montevallo, Alabama. On August 25, 1995, Oxy Tire

---

[1] In developing the statement of facts in this opinion, the court considered the facts proposed by the parties and the court's own examination of the evidentiary record. These are the "facts" for purposes of this opinion only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), cert. denied, *USX Corp. v. Cox*, 114 S. Ct. 900 (1995).



entered into a contract with RCH mbH whereby RCH mbH agreed to sale, and Oxy Tire agreed to purchase for refurbishing and resell, certain automobile tires. RCH mbH maintains that Oxy Tire breached certain provisions of the parties contractual agreement when it failed or refused to pay approximately $1,139,769.00 in unpaid invoices and by reselling tires in explicitly prohibited countries. When the contract was executed, and while RCH mbH was performing its obligations under the contract, RCH mbH was not qualified to do business in Alabama. *See* Ala. Code § 10-2B-15.01.

**III.   Discussion**

The only issue before the court is whether RCH mbH, as a foreign corporation not qualified to do business in the state of Alabama, is precluded from enforcing its contract with Oxy Tire in Alabama's courts. Section 10-2B-15.02 of the Alabama Code, commonly referred to as Alabama's "door closing" provision, reads, in pertinent part, as follows:

> A foreign corporation transacting business in this state without a certificate of authority or without complying with Chapter 14A of Title 40 [the Alabama Business Privilege and Corporation Shares Tax Act of 1999] may not maintain a proceeding in this state without a certificate of authority.  All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement. . . .

Ala. Code § 10-2B-15.02(a) (1999 & Supp. 2000).  The statute is penal in nature, *Burnett v. National Stonehenge Corp.*, 694 So. 2d 1276, 1279 (Ala. 1997), and is designed to provide some power for the State to protect residents from potential abuse by uncontrolled foreign corporations. *Green Tree Acceptance, Inc. v. Blalock*, 525 So. 2d 1366, 1370 (Ala. 1988).

2

However, pursuant to Article I, § 8, cl. 3 of the Constitution ("Commerce Clause"), businesses engaged in interstate commerce are immune from the requirements of § 10-2B-15.02(a). *Hays v. Bunge Corp.*, 2000 WL 502607 (Ala. April 28, 2000); *Wise v. Gruman Credit Corp.*, 603 So. 2d 952, 953 (Ala. 1992); *SGB Const. Servs., Inc. v. Ray Sumlin Construction Co. Inc.*, 644 So. 2d 892, 894 (Ala. 1994); *North Alabama Marine, Inc. v. Sea Ray Boats, Inc.*, 533 So. 2d 598, 601 (Ala. 1988).

In determining whether a contract involves *interstate* versus *intrastate* commerce and, therefore, whether § 10-2B-15.02(a) is applicable, "courts are flexible and decide each case on its own facts." *Blalock*, 525 So. 2d at 1370; *see also Hayes*, 2000 WL 502607 at * 1. As a general rule, however, "[t]here must be some activity on the part of the nonqualified foreign corporation to establish a continuing presence in the state over and above the mere shipping of commodities between the states." *Wise*, 603 So. 2d at 953; *see SGB Construction Services, Inc.*, 644 So. 2d at 894 (solicitation of business and shipment of construction equipment into Alabama not intrastate activity); *Wallace Const. Co. v. Industrial Boiler Co.*, 470 So. 2d 1151, 1155 (Ala. 1985) (delivery and installation of a boiler not intrastate activity, but incidental to interstate sale of boiler); *Johnson v. M.P.L. Leasing Corp.*, 441 So. 2d 904, 906 (Ala. 1983) (delivery of paper copiers not intrastate activity); *Kentucky Galvanizing Co. v. Continental Gas Co.*, 335 So. 2d 649 (delivery of guardrails not intrastate activity). In fact, according to the Alabama Supreme Court in *Wise*, "[i]n almost every case where the courts have applied these ["door closing"] provisions to bar an action, the case has involved the performance of some type of service or labor within the state other than service or labor that could reasonably be argued to be incidental to an

interstate sale. *Wise*, 603 So. 2d at 953-954 (citations omitted); *see Sanwa Business Credit Corp. v. G.B. "Boots" Smith Corp.*, 548 So. 2d 1336 (Ala. 1989) (contract involving transportation, assembly, and erection of an oil drilling rig held to be intrastate in character); *Sanjay Inc. v. Duncan Const. Co.*, 445 So. 2d 876 (Ala. 1983) (sale, delivery, and supply of labor and management to construct prefabricated building is intrastate activity); *Computaflor Co. v. N.L. Blaum Const. Co.*, 603 So. 2d 952 (Ala. 1972) (sale, delivery, and labor to construct gymnasium floor are intrastate activities); *Calvert Iron Works Inc. v. Algernon Blair, Inc.*, 227 So. 2d 424 (Ala. 1969) (sale, delivery, and erection of steel are intrastate activities).

In the present case, it is undisputed that RCH mbH shipped tires from its plant in Germany to Oxy Tire's facility in Birmingham, Alabama. Moreover, based on the evidence before this court, it appears that RCH mbH has no offices or plants in Alabama, has no employees in Alabama, and has no contacts with Alabama other than the contract at issue in this action. (Aff. of Michael Westendorf, ¶ 6, Exhibit C). Upon receiving the shipment of tires, Oxy Tire refurbished[2] and prepared the tires for resell. (Def. Ex. A, ¶ 6). In April of 1999, pursuant to the contract, representatives of RCH mbH conducted an audit of Oxy Tire's books and records. According to RCH mbH, the audit revealed that Oxy Tire had sold and shipped tires to prohibited countries. On May 28, 2000, RCH mbH terminated the contract.

---

[2] Pursuant to paragraph 6 of the parties' contractual agreement, tire refurbishing or preparation requires removing of items such as trade/brand name and serial numbers, and branding the term "Non Adjustable" on the sidewall. (Def. Ex. A, ¶ 6).

Oxy Tire apparently takes the position that its refurbishing activities, along with RCH mbH's in state audit, are sufficient to subject RCH mbH to Alabama's statutory qualification requirements, thereby barring RCH mbH from enforcing the contract in the courts of this state. The court tends to disagree. First, with respect to tire refurbishing, the court simply notes that intrastate activities performed by Oxy Tire, the party seeking to void the contract, are not particularly helpful in determining whether RCH mbH was "doing business" in this state. *See North Alabama Marine* 533 So. 2d at 600 (disregarding Alabama boat dealer's contractual obligation to maintain inventories and advertise/display products in determining whether foreign boat manufacturer had engaged in intrastate activities). Furthermore, the court finds that RCH mbH's April 26, 1999, audit of Oxy Tire's books and records does not rise to the level of a "continuing presence" in this state, but rather, amounts to an activity that is "incidental" to an interstate sale of goods. *Id.* ("Simply overseeing the performance of contracts inside the state will not preclude a corporation engaged in interstate commerce from enforcing such contracts in our courts"). Accordingly, the court concludes that the contract between RCH mbH and Oxy Tire does not amount to "intrastate" business and, for this reason, RCH mbH is not precluded from enforcing the contract at issue in the courts of this state.

The defendant's Motion for Summary Judgment will be **DENIED** by an appropriate order in conformity with this opinion.

Done, this <u>2nd</u> of February, 2001.

<u>      /s/ Edwin Nelson      </u>
EDWIN NELSON
UNITED STATES DISTRICT JUDGE